UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

AARON BONEWITZ,                )
                               )
           Petitioner,         )
                               )
     v.                        )    CAUSE NO. 3:12-CV-801 TS
                               )
SUPERINTENDENT,                )
                               )
           Respondent.         )

**OPINION AND ORDER**

Aaron Bonewitz, a prisoner proceeding *pro se*, filed this habeas corpus petition [ECF No. 1] challenging a prison disciplinary proceeding. On January 11, 2012, a hearing officer at Indiana State Prison found Bonewitz guilty of failing to give a urine sample under cause number ISP 11-12-0157. (Report of Disciplinary Hr'g, ECF No. 13-5.) The charge was initiated on December 15, 2011, when Officer W. Parnell wrote a conduct report stating as follows:

> On 12/15/11 at approximately 0845am I Officer W. Parnell instructed offender Aaron Bonewitz #191449 to provide me with a urine sample for testing. 8 ounces of water was offered to the offender which was taken. At approximately 1052am offender Bonewitz still had not provided the required urinalysis specimen. The required 2 hour deadline had expired.

(Report of Conduct, ECF No. 13-1.) On January 5, 2012, he was notified of the charge and given a copy of the conduct report. (Notice of Disciplinary Hr'g, ECF No. 13-2.) He pled not guilty, declined the assistance of a lay advocate, requested a copy of the Indiana Department of Correction (IDOC) policy pertaining to urinalysis procedures, and requested Major K. Gann as a

witness for "verification" of the IDOC policy "to request dry-cell/1 hr extension[.]"[1] (*Id.*) A copy of the policy was provided, but the presence of Major Gann at the hearing was denied. (*Id.*)

On January 11, 2012, a hearing was conducted on the charge. Bonewitz made a statement that he had a "shy bladder" and could not urinate in front of others, and argued that he should have been provided an opportunity to be confined in a "dry cell" pursuant to IDOC policy. (Disciplinary Hr'g Appeal, ECF No. 13-6 at 2.) The hearing officer considered his statement, along with staff reports, and found him guilty. Among other sanctions, he lost thirty days of earned-time credits. Bonewitz appealed to the facility head and to the final reviewing authority, but his appeals were denied. Thereafter, he filed this Petition.[2]

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

---

[1] Under IDOC policy, when an inmate has been ordered to give a urine sample, a staff member must keep him under direct supervision to prevent adulteration of the sample. If an inmate fails to give a sample within the allotted two-hour period and there is reason to believe he suffers from "shy bladder syndrome," staff have discretion to house him in a "dry room or cell or other restricted area," and provide additional time, as well as "indirect supervision," so that he can provide a sample without someone watching. (*See* IDOC Policy, ECF No. 1-1 at 5.)

[2] Bonewitz did not file a traverse in support of his petition despite being notified of his opportunity to do so.

Bonewitz's first two claims pertain to alleged violations of the IDOC policy governing urinalysis testing. However, relief in a federal habeas corpus proceeding is only available for a violation of the U.S. Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997). Accordingly, these claims do not present a cognizable basis for granting federal habeas relief.

Bonewitz's remaining claim is that his due process rights were violated because he was not permitted to call Major Gann at the hearing. A prisoner has a limited right to call witnesses and present documentary evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer may deny witnesses or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). The denial of evidence will be considered harmless unless the prisoner can show that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Piggie*, 342 F.3d at 666.

At screening, Bonewitz indicated that he wanted Major Gann to testify regarding the IDOC urinalysis policy. However, the policy itself was produced, and so Major Gann's testimony would have been redundant. Moreover, Bonewitz does not argue, nor can the Court discern any basis for concluding, that Major Gann's explanation of the policy was the type of "patently exculpatory" evidence that had to be considered under the Due Process Clause. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (only the denial of exculpatory evidence violates due process); *see also Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt").

Bonewitz states in his Petition that he wanted Major Gann to testify that he had spoken to him about his shy bladder, and to "prove" that the facility did not have a dry cell area in violation of IDOC policy. This is not the proposed testimony he identified at the time of screening, and he cannot fault the hearing officer for failing to consider evidence he did not specifically request. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Furthermore, the hearing officer was aware of Bonewitz's claim that he could not give a sample due to shy bladder syndrome, so any such testimony from Major Gann would have been redundant. The fact that the facility may have been in violation of IDOC policy in regards to dry cells would not have exculpated Bonewitz from the charge, nor would it entitle him to federal habeas relief. The Court notes, in any event, that the policy Bonewitz points to does not entitle him to be housed in a dry cell, but only gives staff discretion to use this procedure. Based on the record, Bonewitz has not established a violation of his due process rights.

For these reasons, the Petition [ECF No. 1] is **DENIED**.

SO ORDERED on July 31, 2013.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT
                                             FORT WAYNE DIVISION